# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00493-CR

**Dennis Drew Chafin, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
## NO. CR-00-014, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

May a trial court accept a jury=s verdict at the guilt-innocence stage of a trial and then *sua sponte* reform the verdict at the penalty stage and instruct the jury to punish for a different offense? The answer is no. Does it matter that the original verdict was based on alleged conduct that was not a crime? The answer is still no.

Appellant Dennis Drew Chafin appeals his five convictions for the second degree felony offense of indecency with a child by contact. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, ' 1.01, 1993 Tex. Gen. Laws 3586, 3615 (Tex. Pen. Code Ann. ' 21.11(a)(1), since amended). The jury found appellant guilty of aggravated sexual assault of a child in one count and of indecency with a child in four counts. In accordance with the trial court instructions, the jury assessed punishment for five counts of indecency with a child at eight years= imprisonment for each count.

We will reverse the one conviction for indecency with a child (reformed *sua sponte* by the trial court from a conviction for aggravated sexual assault of a child) and dismiss because the conduct alleged in the indictment was not a crime at the time of the alleged commission. Because the evidence is legally insufficient to support the other four convictions, we will reverse the judgment and order acquittals.

**Points of Error**

Appellant advances sixteen points of error. In four points of error, appellant complains that he was charged with conduct that did not constitute the crime of aggravated sexual assault of a child, that the trial court erred in overruling his mistrial motion, and that in the process of the trial he was denied due process of law and due course of law in violation of the federal and state constitutions. Eight points of error challenge the legal and factual sufficiency of the evidence to sustain four convictions of indecency with a child. In view of our disposition, we will not reach appellant=s other points of error relating to evidentiary rulings and a jury charge on parole.

**Background**

The eight-count indictment charged appellant with four counts of aggravated sexual assault of a child and four counts of indecency with a child by contact. Before trial, the State abandoned and waived counts I, III, and IV of the indictment, each alleging the offense of aggravated sexual assault of a child. The trial court granted the State=s request to renumber the counts remaining in the indictment. Appellant did not object. There was no physical alteration on the face of the indictment. It appears that

count II of the indictment was renumbered count I, and counts V, VI, VII, and VIII became counts II, III, IV, and V. This renumbering was used during trial and in the briefs on appeal.[1]

**Facts**

---

[1] Abandonment of counts in an indictment does not constitute an amendment to the indictment. *See Eastep v. State*, 941 S.W.2d 130, 133 (Tex. Crim. App. 1997). The renumbering of the counts, however, should be memorialized in a written document filed for record with the clerk. If a conflict arises as to the offense of which a defendant was convicted, an unaltered indictment is often used for interpretation. If the count numbers do not match, much confusion may result.

The complainant, C. H., testified at the August 2001 trial that she was sixteen years old and a high school cheerleader. She related that appellant was her maternal aunt=s former husband who had periodically molested her since 1993 when she was about seven or eight years old. The complainant did not live with appellant and his wife, but claimed that the incidents occurred on visits to appellant=s home or at family gatherings. She acknowledged that she did not make an outcry to an adult until the summer of 1999 when she talked to an older stepcousin, H. H., who advised her to tell her mother. The complainant admitted that she was not clear on the dates of the occurrences unless she could tie the date to a particular event that she could rememberCsuch as the videotaping of the birth of kittens in Hidalgo County in 1993.[2] She testified about unadjudicated offenses in Hidalgo and Uvalde Counties in 1993 and other offenses at unspecified times after appellant had moved to Hays County. As to the subject matter of count I, it was established that in the summer of 1996 the complainant had come to Hays County for horseback riding classes; she spent the night at appellant=s home. She related that after she went to bed, appellant came into the room and placed his penis to her mouth, and that she clinched her teeth and refused to open her mouth. There was no penetration. Appellant left the room.

Appellant testified and denied each and every charge. His former wife, Julianne, was married to him at the pertinent times. She testified that she was unaware of any such conduct as alleged and was surprised at the outcry of her niece in 1999. She testified to the divorce and the turmoil within the family resulting from the accusations.

---

[2] This videotape was played for the jury.

**Re: Procedure C Count I**

In light of appellant=s contentions that he was improperly charged and convicted of conduct that was not a crime, we examine the procedure regarding the renumbered count I. The indictment was presented January 6, 2000. Count I alleged:

> Dennis Drew Chafin hereinafter styled Defendant, on or about the lst day of July, A.D., 1996, and before the presentment of this indictment, in the county and state aforesaid, did then and there knowingly and intentionally sexually assault [C. H.], by then and there knowingly and intentionally causing his male sexual organ to contact the mouth of the aforesaid [C. H.] who was then and there a child younger than 14 years of age and not the spouse of the said Defendant.

The undisputed evidence showed that the conduct occurred in the summer of 1996. Tracking the indictment, the trial court submitted count I to the jury. There was no submission of a lesser included offense nor a request by either party for such a submission. The jury returned a general verdict finding appellant guilty Aas alleged in Count I of the indictment.@ This verdict at the guilt-innocence stage of the trial was accepted by the trial court and filed.

At the penalty stage of the trial, the trial court announced that after Asome research@ and because of the Atime frame@ it would, *sua sponte*, reform the jury=s verdict on count I to show a conviction for the Alesser included offense of indecency with a child.@ The State expressed its concern, and appellant=s motion for a mistrial was overruled. The jury was informed that the punishment hearing would proceed with count I being a conviction for the Alesser included offense of indecency with a child.@ The trial court in its charge on punishment authorized punishment on count I for indecency with a child, a second-degree felony. *See* Tex. Pen. Code Ann. ' 12.33 (West 1994) (two to twenty years= imprisonment and a fine up to

5

$10,000).  The jury was told that appellant had been Afound guilty by the jury of the offense of indecency with a child (5 counts).@  In accordance with the instructions at the penalty stage of the trial, the jury=s punishment verdict reflected that it had found appellant guilty of indecency with a child Aas alleged in count I of the indictment@ and assessed his punishment at eight years= imprisonment.  No fine was assessed.

The formal judgment and sentence reflected the jury=s original verdict on count I at the guilt-innocence stage of the trial and then added:

> Subsequent to the jury=s verdict as to guilt on Count I, the Court held that the evidence was insufficient to sustain a conviction as to the offense of Aggravated Sexual Assault, and the conviction in Count I was reformed to reflect a conviction for the lesser-included offense of indecency with a child.

**Discussion**

The indictment appears valid on its face, and it alleged that the offense occurred Aon or about July 1, 1996.@  The prosecution, however, is not bound by the Aon or about@ date on which the offense is alleged to have been committed so long as the date proved is prior to the date of the indictment=s presentment and within the statute of limitations period.  *See* Tex. Code Crim. Proc. Ann. art. 21.02(6) (West 1989); *Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997); *Walker v. State*, 4 S.W.3d 98, 104 (Tex. App.CWaco 1999, pet. ref=d); *Berrios-Torres v. State*, 802 S.W.2d 91, 95 n.2 (Tex. App.CAustin 1990, pet. ref=d).  The statute of limitations for the offense of aggravated sexual assault of a child is ten years from the eighteenth birthday of the victim of the offense.  *See* Tex. Code Crim. Proc. Ann. art. 12.01(5)(B) (West Supp. 2003).

Prior to September 1, 1997, section 22.02(a)(1)(B) of the Texas Penal Code (aggravated sexual assault) did not criminalize the act of causing the mouth of a child to contact or touch the sexual organ of another person, including the actor. *See* Act of May 29, 1995, 74th Leg., R.S., ch. 318, ' 7, 1995 Tex. Gen. Laws 2734, 2737 (Tex. Pen. Code Ann. ' 22.021(a)(1)(B), since amended). Effective September 1, 1997, section 22.021 was amended to broaden the definition of aggravated sexual assault of a child to include, as it still does, the act of Acaus[ing] the mouth of a child to contact the sexual organ of another person including the actor.@ Act of May 28, 1997, 75th Leg., R.S., ch. 1286, ' 2, 1997 Tex. Gen. Laws 4911; *see* Tex. Pen. Code Ann. ' 22.021(a)(1)(B)(v) (West Supp. 2003).

The undisputed proof at the trial showed that the conduct alleged occurred in the summer of 1996 when the conduct was not a crime. The State does not claim otherwise.

> Conduct does not constitute an offense unless it is defined as an offense by statute, municipal ordinance, order of a county commissioners court, or a rule authorized by and lawfully adopted under a statute.

Tex. Pen. Code Ann. ' 1.03(a) (West 1994). Unless theconduct of the accused has been made a penal offense by statute, he cannot be legally convicted. *See Banti v. State*, 289 S.W.2d 244, 247 (Tex. Crim. App. 1956). A Texas conviction can never rest upon conduct, regardless of how great the wrong and injury, which is not a criminal offense by law. *Lawton v. State*, 913 S.W.2d 542, 551 (Tex. Crim. App. 1995); *see also Murray v. State*, 2 S.W. 757, 759 (Tex. Ct. App. 1886); *Cain v. State*, 20 Tex. 355 (1857). ATo convict someone of a crime on the basis of conduct that does not constitute the crime offends the basic notion of justice and fair play embodied in the United States Constitution.@ *United States v.*

*Briggs*, 939 F.2d 222, 228 (5th Cir. 1991); *see also United States v. Daniels*, 12 F. Supp. 2d 568, 573 (N.D. Tex. 1998).

There are several reasons why the trial court=s earlier described action was inappropriate. In view of the undisputed proof at trial that the conduct alleged in count I actually occurred in 1996 when that conduct was not criminalized, the trial court had no personal jurisdiction over appellant or subject matter jurisdiction with regard to count I. When a trial court lacks jurisdiction for any reason, the judgment rendered is void. *State v. Olsen*, 360 S.W.2d 398, 399 (Tex. 1962). Void convictions are normally defined as those in which the trial court lacks jurisdiction over the person or subject matter, or in which the trial court lacked qualifications to act in any manner. *Ex parte McCain*, 67 S.W.3d 204, 209 (Tex. Crim. App. 2002). A void judgment is a nullity and can be attacked at any time. *Nix v. State*, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001); *Ex parte Seidel*, 39 S.W.3d 221, 225 (Tex. Crim. App. 2001); *Ex parte Patterson*, 869 S.W.2d 16, 19 (Tex. Crim. App. 1998).

Even with jurisdiction, the trial court had no authority under the circumstances to *sua sponte* reform the jury=s verdict at the guilt-innocence stage of the trial and tell the jurors that they had convicted appellant of a lesser included offense and to punish him for the lesser offense. A trial court may not receive a verdict and then enter a different judgment from that called for by the verdict. *Combes v. State*, 286 S.W.2d 949, 950 (Tex. Crim. App. 1956); *Hardy v. State*, 261 S.W.2d 172, 174 (Tex. Crim. App. 1953); *Cagle v. State*, 179 S.W.2d 545, 546 (Tex. Crim. App. 1944). AIt has been repeatedly held that the judgment must follow the verdict. Nothing may be added thereto nor taken therefrom.@ *Ex parte Gibson*, 28 S.W.2d 396, 397 (Tex. Crim. App. 1939). Further, a trial court hearing a criminal case lacks

authority to grant a judgment *non obstante veredicto. State v. Savage*, 933 S.W.2d 497, 498 (Tex. Crim. App. 1996).[3]

Moreover, the Code of Criminal Procedure provided the procedure for the trial court. Article 36.11 provides in pertinent part that A[i]f it appears during trial that the court has no jurisdiction of the offense, or that the facts charged in the indictment do not constitute an offense, the jury shall be discharged.@ Tex. Code Crim. Proc. Ann. art. 36.11 (West 1981).[4]

It is true that in a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense but guilty of the lesser included offense. *See* Tex. Code Crim. Proc. Ann. art. 37.08 (West 1981). How can there be a lesser included offense if there is no legal greater offenseCwhere the conduct alleged as a Agreater offense@ is not a crime? *Cf.* Tex. Code Crim. Proc. Ann. art. 37.09 (West 1981) (stating circumstances when an Aoffense@ may be a lesser included offense). We conclude that there is no lesser included offense to conduct that is not criminal. For this reason, too, the trial court=s action was invalid.

---

[3] A trial court in a criminal case also has no authority to *sua sponte* order a new trial. Tex. R. App. P. 21.1; *Hern v. State*, 892 S.W.2d 894, 896 (Tex. Crim. App. 1994). Only a defendant may move for a new trial. *Freeman v. State*, 917 S.W.2d 512, 514 (Tex. App.CForth Worth 1996, no pet.).

[4] It is obvious when the statute was drafted, one-count indictments were most common and the right to severance was liberal.

If the conviction was before this Court as one for aggravated sexual assault of a child merely without sufficient evidence to support it, this Court would be unable to reform the judgment to reflect a lesser included offense of indecency with a child under the circumstances. *See Collier v. State*, 999 S.W.2d 779, 782 (Tex. Crim. App. 1999).

> [A] court of appeals may reform a judgment of conviction to reflect a lesser included offense *only if* (1) the court finds the evidence insufficient to support the conviction of the charged offense but sufficient to support conviction of the lesser included offense, and (2) either the jury was instructed on the lesser included offense (at the request of either party or by the trial court *sua sponte*) or one of the parties asked for but was denied such an instruction.

*Id.*; *see also Ross v. State*, 9 S.W.3d 878, 882 (Tex. App.CAustin 2000, pet. ref=d); *Hicks v. State*, 999 S.W.2d 417, 421 (Tex. App.CWaco 1999, pet. ref=d).

As noted earlier, there was no jury instruction here on a lesser included offense nor a request by either party for such an instruction. Nevertheless, the State asks that we affirm the conviction under count I of the indictment by considering that the indictment alleged, from the beginning, an offense of indecency with a child not as a lesser included offense but as the offense intended to be alleged. The State urges this reformation despite the labeling of the offense in count I as an aggravated sexual assault of a child, the lack of allegations as to some of the elements of the offense of indecency with a child, and regardless of the actions and procedure at trial. We have no such reformatory powers. *See Collier*, 999 S.W.2d at 782.

**10**

In point of error five, appellant complains that the trial court erred in denying his motion for mistrial made when it was apparent to the trial court, the prosecutor, and appellant that the Aconviction@ under count I was not based on conduct defined as a crime. We agree.

We review a trial court=s denial of a mistrial under an abuse of discretion standard. *See Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999); *Jackson v. State*, 50 S.W.3d 579, 588 (Tex. App.CFort Worth 2001, pet. ref=d). A mistrial is a device used to halt trial proceedings when the error is so prejudicial that expenditure of further time and expense would be wasteful and futile. *See Dooley v. State*, 65 S.W.3d 840, 841-42 (Tex. App.CDallas 2002, no pet.). To determine whether a given error necessitates a mistrial, we examine the particular facts of the case. *Ladd*, 3 S.W.3d at 567; *Dooley*, 65 S.W.3d at 842. We need not reiterate the facts. The mistrial motion was made when the trial court had lost jurisdiction of the offense and was *sua sponte* reforming the jury=s verdict. A mistrial is an extreme remedy, *Bauder v. State*, 921 S.W.2d 696, 698 (Tex. Crim. App. 1996), but it was appropriate here as to count I of the indictment. In this regard, we reject the State=s argument to the contrary. Likewise, we find the State=s argument that the complaint on appeal does not comport with the mistrial motion at trial to be without merit. The mistrial motion may not have been as articulate as possible, but it does correspond to the contention on appeal. The trial court and the parties all understood the basis for the mistrial motion. The trial court abused its discretion in denying the motion for a mistrial as to count I. The error here did affect the substantial rights of appellant, was harmful, and cannot be disregarded. *See* Tex. R. App. P. 44.2(b). The fifth point of error is sustained.

In view of this disposition, we need not discuss appellant=s points of error six and seven claiming violations of due process and due course of law, which would also appear to entitle him to the relief requested as to the conviction under count I. It is, however, a violation of these processes to convict a defendant for conduct that does not constitute a crime. *Briggs*, 939 F.2d at 228. To do so would offend the basic notion of justice and fair play embodied in the federal constitution. *Id.* Where the trial court is without jurisdiction, the concept of harmless or nonprejudicial error has no application. In effect, everything that occurs due to the error is a nullity. *See State v. Hagen*, 79 S.W.3d 447, 445 (Mo. Ct. App. S.D. 2002) (citing *State v. Garms*, 750 S.W.2d 702, 703 (Mo. Ct. App. 1988)); *see also Foster v. State*, 635 S.W.2d 710, 721 (Tex. Crim. App. 1982). The judgment of conviction obtained under count I of the indictment is reversed and that cause dismissed.

**Legal SufficiencyC The Other Convictions**

We turn next to points of error eight through eleven challenging the legal sufficiency of the evidence to sustain the other four convictions for indecency with a child. The standard for reviewing the legal sufficiency of the evidence is whether viewing the evidence in the light most favorable to the jury=s verdict, any rational trier of fact could have found beyond a reasonable doubt all the essential elements of the offense charged. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Skillern v. State*, 890 S.W.2d 849, 879 (Tex. App.CAustin 1994, pet. ref=d). The standard of review is the same in both direct and circumstantial evidence cases. *King v. State*, 895 S.W.2d 701, 703 (Tex. Crim. App. 1965). A reviewing court must consider all the evidence, rightly or wrongly admitted, that the trier of fact was permitted to consider. *Garcia v. State*, 919 S.W.2d 370, 378 (Tex. Crim. App. 1994). The reviewing court does not realign, disregard, or weigh the evidence. *Rodriguez v. State*, 939 S.W.2d 211, 218 (Tex. App.CAustin 1997, no pet.). The jury as the trier of fact is the judge of the credibility of the witnesses and the weight to be given the testimony. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). The sufficiency of the evidence is a question of law. *See Urbano v. State*, 837 S.W.2d 114, 115 (Tex. Crim. App. 1992). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Id.* at 115-116; *Kimberlin v. State*, 877 S.W.2d 828, 831 (Tex. App.CFort Worth 1994, pet. ref=d).

### Elements of the Offense

The elements of the offense of indecency with a child under the statute in effect on the dates alleged in the instant indictment were that the accused: (1) knowingly or intentionally, (2) engaged in sexual contact, (3) with a child, (4) younger than seventeen years of age, (5) who was not the spouse of the

accused.  Act of May 29, 1993, 73d Leg., R.S., ch. 900, ' 1.01, 1993 Tex. Gen. Laws 3586, 3615-16

(Tex. Pen. Code Ann. ' 21.11(a)(1), since amended).  Sexual contact was defined at the time as Aany

touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the

sexual desire of any person.@  *Id*., 1993 Tex. Gen. Laws 3586, 3614 (Tex. Pen. Code Ann. ' 21.02(2),

since amended).

Appellant was convicted of four separate and distinct counts of the second degree felony

offense of indecency with a child .  Count II (as renumbered) provided in pertinent part that the appellant

> [o]n or about the 3rd day of June, A.D., 1998, and before the presentment of this
> indictment in the county and state aforesaid, with the intent to arouse or gratify the sexual
> desire of Dennis Dew Chafin did then and there knowingly and intentionally engage in
> sexual contact with [complainant] by touching the breast of the aforesaid [complainant],
> who was then and there a child younger than 17 years of age and not the spouse of the
> defendant.

The other three counts (counts III, IV, and V as renumbered) made the same allegations

except that they alleged the dates Aon or about the 1st day of July, A.D., 1996,@ Aon or about the 4th day of

July, A.D., 1995,@ and Aon or about the 1st day of July, A.D., 1993.@

It was the State=s burden to prove beyond a reasonable doubt the elements of each of the

four separate counts of the indictment.  *See* Tex. Pen. Code Ann. ' 2.01 (West 1994); Tex. Code Crim.

Proc. Ann. art. 38.03 (West Supp. 2003); *Short v. State*, 874 S.W.2d 666, 667 (Tex. Crim. App. 1994);

*Webber v. State*, 29 S.W.3d 226, 234 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d); *see also In re*

*Winship*, 397 U.S. 358, 364 (1970).  Tracking the language of the indictment, the trial court submitted all

**14**

four of the above described counts to the jury, which convicted appellant on the four counts and assessed his punishment at eight years= imprisonment on each count.

## Appellant=s Contention

Appellant contends that Ano evidence whatsoever was presented to the jury@ to prove the actions as alleged in the four counts. Appellant notes the evidence of extraneous offenses in counties other than Hays County about the touching of the complainant=s Aboobs,@ but urges that the complainant=s testimony about the elements of the four counts was general, global, and without specification as to occasion, location, and time, etc. Appellant claims that the State did not sustain its burden of proof.

The difficulty presented by this record is that the prosecution never directed the complainant=s attention to the four counts or elicited from her testimony about the counts individually or collectively. In response to appellant=s contentions, the State cites the same brief testimony of the complainant that appellant cites and considers totally inadequate.

## Discussion

The complainant testified that she made her first outcry to an adult in 1999. The record then reflects:

Q. B when was the last time that it had occurred prior to that [1999]?

A. I know that it happened probably the summer before that. I know it happened, but there=s no events that I can -- that can recall my memory or make me remember anything like that, but I do know that it did happen.

Q. And what do you mean Ait@? What do you mean by Ait@?

**15**

A.   Him touching me and making me touch him.

Q.   All right.  And where would he have touched you at?

A.   On my boobs, vagina, and butt.

Q.   Okay.  Was it pretty consistent?

A.   Yes.

Q.   Okay.

A.   Very.

Q.   And did it consistently happen every time that you were alone with Dennis?

A.   Yes.

Q.   Okay.  And when I mean by -- what do you mean by alone with Dennis?

A.   Whenever nobody else was around.

Q.   Okay.  Was it mostly during the day or when?

A.   It happened during the day, but most of the time it was at night, whenever I was going to sleep.

Appellant contends that the foregoing evidence is insufficient to support the four convictions in question.[5]

---

[5] Appellant also notes that the complainant acknowledged on cross-examination that in August 1999 she and her mother prepared an e-mail statement for Detective Mark Graves and there was no mention in the statement of any 1998 incident.  In fact, the last incident listed was in 1996.

16

The complainant earlier testified that in 1993, when she was about eight years old, appellant touched her Aboobs, vagina, and butt,@ but these incidents were shown to have occurred in Hidalgo and Uvalde Counties and could not be the basis of the allegations in the four counts of indecency with a child in Hays County. The complainant testified as set forth earlier that appellant touched her Aboobs@ only when they were alone. This eliminates those incidents she described in her testimony when others were present and where she made no mention of her breasts being touched.

The complainant testified that at a family reunion in 1993, apparently near Wimberly in Hays County, she was swimming in a river with others when appellant, while Aplaying around in the water,@ rubbed his penis against her legs and Atouched me under my bathing suit.@ She was not asked if, and did not say that, he touched her breasts.

The complainant also testified that, at some unspecified time in Wimberly, she and appellant=s son, Bryan, were playing a computer game when appellant came into the room and placed her in his lap. She moved when Bryan Aleft,@ but appellant touched her vagina inside of her shorts. No mention was made of appellant touching her breasts.

The complainant testified that on another unspecified time in Bryan=s room (no other location given) when both of appellant=s sons were present on the floor, appellant came into the room, laid on the bed where she was, and placed his hand under her pants and touched her vagina. No mention was made of her breasts. When describing the events underlying count I of the indictment earlier discussed, the complainant did not state that appellant ever touched her breasts.

We have examined the record independently of the complaint=s testimony to determine if there was other evidence to support the allegations of the four counts of indecency with a child. We find no supporting evidence in the testimony of the complainant=s mother, Detective Mark Graves, H. H., the stepcousin, or Dr. Dana Powell, a psychotherapist.[6] The State has not directed us to other supporting evidence. And we have not found anything in the defense testimony that could be said to support the allegations.

The State argues that Agiven the consistent nature of the abuse,@ there was a reasonable inference that the touching of the breasts occurred on or about the dates alleged. Other than the reasonable inference argument, the State makes no effort to tie the Atouching of the breasts@ to earlier incidents where such evidence was lacking. Although the State may well have been able to elicit such testimony, it failed to do so. The State does cite *Guia v. State*, 723 S.W.2d 763, 766 (Tex. App.CDallas 1986, pet. ref=d), and *Bryant v. State*, 685 S.W.2d 472, 474 (Tex. App.CFort Worth 1983, pet. ref=d). Both of these cases stand for the proposition that a child may sufficiently communicate to the trier of fact that a sexual act occurred even though the child=s language differs from the statutory language describing parts of the body. *Cf. Tyra v. State*, 534 S.W.2d 695, 696-97 (Tex. Crim. App. 1972) (testimony Awhere use restroom@

---

[6] Dr. Powell did testify, over hearsay objection, that the complainant told her in 2001 that appellant touched her breasts in 1993 when the complainant was seven or eight years old in Hidalgo County. This testimony did not support the allegations in question.

18

sufficient to support touching of Asexual parts@). The cases cited do not support the State=s argument that Aa reasonable inference@ satisfies the State=s burden of proof as to the allegations of the four counts in question.

In *Blankenship v. State*, 780 S.W.2d 198 (Tex. Crim. App. 1989) (op. on reh=g), the court stated:

> We are not to sit as a thirteenth juror reweighing the evidence or deciding whether *we* believe the evidence established the element in contention beyond a reasonable doubt; rather, we are to ask ourselves whether the trier of fact, acting rationally, could have found the evidence sufficient to establish the element beyond a reasonable doubt . . . ; we test the evidence to see if it is at least conclusive enough for a reasonable fact finder to believe based on the evidence that the element is established beyond a reasonable doubt.

*Id.* at 207; *accord Zimmerman v. State*, 860 S.W.2d 89, 92 (Tex. Crim. App. 1993).

Having reviewed all the evidence in the light most favorable to the verdicts, we conclude that no rational trier of fact could have found beyond a reasonable doubt all of the essential elements of the four offenses of indecency with a child in counts II, III, IV, and V of the indictment (as renumbered). The evidence being legally insufficient as a matter of law, acquittals must be ordered on these four counts. *See Burks v. United States*, 437 U.S. 1 (1978); *Green v. Massey*, 437 U.S. 19 (1978). Points of error eight through eleven are sustained.

In view of our disposition of all counts of the indictment, we do not reach appellant=s other points of error.

As to count I charging appellant with conduct that was not a crime, the judgment of conviction rendered thereunder is reversed and that count is dismissed. As to counts II, III, IV, and V, the

judgments of conviction for indecency with a child rendered thereunder are reversed and acquittals are rendered on each count.

John F. Onion, Jr., Justice

Before Justices B. A. Smith, Yeakel and Onion[*]

Reversed and Dismissed in Part; Reversed and Rendered in Part

Filed:   December 12, 2002

Publish

---

[*]   Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov=t Code Ann. ' 74.003(b) (West 1998).