# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00210-CR

## Ex parte Dennis Chafin

## FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
## NO. 03-1510, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

## O P I N I O N

This is a pretrial habeas corpus proceeding in which Dennis Chafin seeks to bar his pending prosecution in Hays County cause number CR-03-153 on double jeopardy grounds. *See* U.S. Const. amend. V; Tex. Const. art. I, § 14; *see also Ex parte Robinson*, 641 S.W.2d 552, 554-55 (Tex. Crim. App. 1982).[1] Chafin appeals the district court's order denying relief. We will affirm the order.

In 2001, in Hays County cause number CR-00-014, a jury found Chafin guilty of one count of aggravated sexual assault of a child (count one) and four counts of indecency with a child by contact (counts two through five). The sexual assault count alleged that Chafin caused his sexual organ to contact the complainant's mouth on or about July 1, 1996. Counts two through five alleged that Chafin touched the complainant's breasts on four dates in 1993, 1995, 1996, and 1998. Before the punishment stage of the trial began, the district court realized that the conduct alleged in count one and

---

[1] Chafin does not contend that the Texas Constitution's double jeopardy guarantee is any broader than the United States Constitution's in the context of this case.

shown by the evidence did not constitute aggravated sexual assault as that offense was defined in 1996. *See* Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 7, 1995 Tex. Gen. Laws 2734, 2737 (since amended) (current version at Tex. Pen. Code Ann. § 22.021(a)(1)(B) (West Supp. 2005)). On its own motion, the court reformed the jury's verdict on count one to reflect a conviction for indecency with a child by contact.[2] As instructed by the court, the jury then assessed punishment for five counts of indecency with a child by contact.

On appeal, this Court held that the jury's verdict convicting Chafin of aggravated sexual assault was void, and that the district court was not authorized to reform that verdict to reflect a conviction for indecency with a child by contact. *Chafin v. State*, 95 S.W.3d 549, 555 (Tex. App.—Austin 2002, no pet.). The conviction on count one was reversed, and that count of the indictment was dismissed. *Id*. at 560. We also found that the evidence was legally insufficient to support the jury's guilty verdicts on counts two through five. *Id*. Accordingly, the Court reversed those convictions and rendered acquittals. *Id*.

The new indictment was filed soon after Chafin's original convictions were reversed. As filed, the indictment contained two counts. Count one alleged that on or about June 3, 1996, Chafin committed indecency with a child by causing the complainant's mouth to contact his sexual organ. This count was abandoned by the State at the habeas corpus hearing. *See supra*, note 2. The remaining count alleges that on or about June 3, 1996, Chafin committed indecency with a child by exposing his genitals knowing that the complainant was present. This is the only count now at issue.

---

[2] In fact, the conduct alleged and proved also did not constitute indecency with a child by contact as that offense was defined in 1996. *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, secs. 21.01(2), 21.11(a)(1), 1993 Tex. Gen Laws 3586, 3615-16 (since amended) (current versions at Tex. Pen. Code Ann. §§ 21.01(2), 21.11(a)(1), (c) (West 2003)).

In his habeas corpus petition and in his brief to this Court, Chafin argues that his acquittals on counts two through five in cause number CR-00-014 constitute a double jeopardy bar to prosecution on the present indictment. *See North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (guarantee against double jeopardy bars retrial for same offense following acquittal). He asserts that in the earlier prosecution, he was placed in jeopardy for and acquitted of all acts of indecency with a child against the complainant committed before the presentment of that indictment and within the period of limitations. He urges that the State cannot avoid the double jeopardy bar by alleging a different manner and means of committing the same offense.

Chafin's argument fails under the authority of *Vick v. State*, 991 S.W.2d 830 (Tex. Crim. App. 1999). In that case, the defendant was tried and acquitted of aggravated sexual assault under an indictment alleging that he penetrated a child's sexual organ with his sexual organ. *Id*. at 831. He was then reindicted for aggravated sexual assault based on the same transaction, but this time it was alleged that he caused the child's sexual organ to contact his mouth. *Id*. The trial court granted Vick's motion to dismiss the new indictment on the ground that he had been previously tried and acquitted of the same offense. *Id*. The court of appeals affirmed the dismissal, but the court of criminal appeals reversed. *Id*. at 834. The court held that each subsection of section 22.021(a)(1)(B) describes conduct constituting a separate statutory offense. *Id*. at 833. Because the two indictments alleged two different statutory offenses based on two different acts, albeit committed during the same criminal transaction, the acquittal on the first indictment did not bar prosecution on the second. *Id*.

Like aggravated sexual assault, indecency with a child is a conduct-oriented offense. At the relevant time, section 21.11 criminalized two distinct types of conduct requiring different acts to commit: (1) any touching of the anus, breast, or any part of the genitals of a child; or (2) exposure

3

of the defendant's anus or genitals knowing that a child is present. *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, secs. 21.01(2), 21.11(a), 1993 Tex. Gen Laws 3586, 3615-16 (since amended) (current version at Tex. Pen. Code Ann. § 21.11(a), (c) (West 2003)). The word "or" was used by the legislature to distinguish and separate the proscribed conducts. Indecency with a child by contact was and is a second degree felony, while indecency with a child by exposure was and is a third degree felony. *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, sec. 21.11(c), 1993 Tex. Gen Laws 3586, 3616 (since amended) (current version at Tex. Pen. Code Ann. § 21.11(d) (West 2003)). We conclude that the legislature intended the two separately described conducts to constitute separate statutory offenses.

In cause number CR-00-014, Chafin was tried and ultimately acquitted of indecency with a child by contact based on the allegation that he touched the complainant's breasts. In the present indictment, Chafin is accused of indecency with a child by exposure based on the alleged act of exposing his sexual organ knowing that the complainant was present. Contrary to Chafin's argument, the new indictment does not merely substitute a different manner or means of committing the same offense alleged in the previous indictment. Instead, the act alleged in the new indictment is separate and distinct from the acts alleged in counts two through five of the earlier indictment, and it constitutes a separate and distinct statutory offense. We therefore hold that the previous acquittals do not constitute a double jeopardy bar to prosecution on the current indictment. *See Vick*, 991 S.W.2d at 833.[3]

---

[3] Chafin does not contend that double jeopardy principles bar the State from using conduct proved at his trial on the first indictment—his touching of the complainant's mouth with his penis—to prove the offense alleged in the new indictment. *See United States v. Dixon*, 509 U.S. 688, 712 (1993) (overruling *Grady v. Corbin*, 495 U.S. 508 (1990)).

4

Alternatively, Chafin argues that his prosecution under the new indictment is barred by Fifth Amendment collateral estoppel.  Under this doctrine, "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443 (1970).  This means that once a jury determines a discrete fact in favor of a criminal defendant, the State cannot contest the jury's finding in a subsequent proceeding.  *Ex parte Watkins*, 73 S.W.3d 264, 268 (Tex. Crim. App. 2002).

At Chafin's first trial, the State failed to prove that appellant touched the complainant's breasts.  The State is not seeking to relitigate that fact.  The collateral estoppel component of Fifth Amendment double jeopardy is not implicated in this cause.

For the reasons stated, we affirm the district court's order denying habeas corpus relief.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:  November 17, 2005

Publish